## CARMICHAEL v. ANDERSON, State Marketing Com'r.

(District Court, W. D. Missouri, W. D. July 19, 1926.)

No. 737.

1. Courts ⬥289—Federal court held to have jurisdiction of suit between licensee of radio stations, as one arising under laws of United States (Comp. St. § 10100).

Where the owners of two radio broadcasting stations in the same state, using the same wave length, as a condition precedent to the granting of licenses by the Secretary of Commerce agreed to a division of time between them, and the licenses granted limited the operation of each station to the hours agreed upon, a suit by one licensee against the other for violation of such restriction is one arising under a law of the United States, and within the jurisdiction of a federal court, under Comp. St. § 10100.

2. Courts ⬥303(2)—Suit against state marketing commissioner of Missouri held not one against the state.

The Missouri state marketing bureau is under control of a marketing commissioner appointed by the Missouri state board of agriculture, which, by the statutes, is made a body corporate, with power to sue and subject to suit, and a suit against the commissioner is not beyond the jurisdiction of a court as a suit against the state.

3. Injunction ⬥75—Observance of condition of radio license held enforceable by injunction.

Where the commissioner in charge of a radio broadcasting station owned by a state, as a condition to obtaining a license under the federal statute, agreed to a division of time with the owner of another station in the state using the same wave length, which condition was embodied in the license and was necessary to avoid interferences and confusion between them, the owner of the other station held entitled to an injunction to restrain violation of the condition by the commissioner's successor in office.

In Equity. Suit by Albert Carmichael, as presiding bishop and trustee for the Reorganized Church of Jesus Christ of Latter Day Saints, an unincorporated religious association, against Charles P. Anderson, State Marketing Commissioner. Decree for complainant.

William C. Michaels and Charles M. Blackmar, both of Kansas City, Mo., for plaintiff.

North T. Gentry, Atty. Gen., and A. B. Lovan and J. D. Purteet, Sp. Asst. Attys. Gen., of Missouri, for defendant.

REEVES, District Judge. By this action plaintiff seeks to enjoin the state marketing commissioner of Missouri from interference with his alleged right to operate his broadcasting station during specified hours.

Both parties are now and have been engaged in operating radio broadcasting stations; the one located at Independence, Mo., with the call letters K L D S, and the other at Jefferson City, Mo., with the call letters W O S. Both parties have been granted licenses by the Secretary of Commerce, and, moreover, such licenses permit the use of the same wave length, and each is given a classification known as class B.

Concededly, both stations have apparatus for radio communication strong enough for the transmission of radiograms beyond the jurisdiction of the state of Missouri, and the testimony showed conclusively that the operation of the two broadcasting stations at the same time would render radiograms unintelligible and produce discord and unseemly noises in the air. The licenses to each of the parties provide, among other things, that, "where two or more stations in class B are licensed to use the same wave length, a division of time will be required, if necessary." As a condition precedent to the granting of a license to plaintiff for the operation of his broadcasting station, the Secretary of Commerce required a schedule of hours to be agreed upon between the plaintiff and the state marketing commissioner and filed. This was done, and both parties operated their several stations conformable to such schedule.

However, the present state marketing commissioner has rejected the schedule upon which the two stations were broadcasting, and now insists upon the use by him of unlimited hours, and asserts the right to restrict the operation of plaintiff's radio station to such hours as may be voluntarily conceded to him by the state marketing commissioner. The state marketing commissioner not only insists upon such right, but, moreover, he challenges the jurisdiction of this court to try the controversy upon the twofold ground (a) that the matter is not cognizable in the federal court; and (b) that the state of Missouri is in fact a party, and that it cannot be sued, in the circumstances of this case, without its consent. On the other hand, plaintiff maintains that the action is one arising under the Constitution and laws of the United States, and that the state of Missouri is not, in any sense, a party. These several questions will be noted and discussed in the course of this memorandum opinion.

[1] 1. Inquiring first as to the jurisdiction of this court: By section 10100, U. S. Compiled Statutes, the Congress, under the commerce clause of the federal Constitution, as-

sumed power to license and regulate radio communications in cases where radiograms extend beyond the jurisdiction of the state or territory in which the same are made. The parties apparently recognized the clear and undisputed right of the national government thus to regulate and control radio broadcasting stations, and that their several stations were within the congressional power and subject to the congressional act, and both, therefore, applied for and obtained licenses from the Secretary of Commerce. Both accepted licenses, which required them to yield to a division of time.

The statute provides for the operation of said stations "under and in accordance with a license revocable for cause." While by section 10101, U. S. Compiled Statutes, the Secretary of Commerce may be without power to impose restrictions other than those contained in the legislative act, yet he would undoubtedly have the right to grant his licenses with such restrictions as the parties interested might agree upon. Any controversy arising under such an arrangement would invoke an interpretation of the congressional act, and would become a matter of federal judicial cognizance. The amount in controversy is adequate. Plaintiff has an investment of more than $50,000 in his radio apparatus, and this would become useless or its service would be greatly impaired unless permitted to continue to broadcast during the hours and in accordance with the schedule heretofore agreed upon.

[2] 2. It is asserted by counsel for the defendant that this action is one against the state of Missouri. The testimony showed that the state owned the apparatus of W O S broadcasting station. The license, however, from the Secretary of Commerce, runs to "Missouri State Marketing Bureau." The bureau is a creature of state statute, "in charge of a state marketing commissioner appointed by the Missouri state board of agriculture." By statute the board of agriculture is created a body corporate, with power to sue and subject to be sued, with the right, therefore, to complain and defend in all courts. The suit does not proceed against the state.

[3] 3. The evidence was undisputed that a schedule of hours was agreed upon between the parties, conformable to a requirement made by the Secretary of Commerce, and that both the parties have heretofore operated upon that schedule. Defendant says that such arrangement was made by his predecessor in office, and that same was without authority of the state, which owned the broadcasting apparatus. On the contrary, the former marketing commissioner, acting on behalf of the state, obtained a license subject to a requirement with respect to a division of time. This was a power reserved to the Secretary of Commerce with the consent and acquiescence of the state authorities.

Granting that the state may have been the operator of W O S, it was not given the exclusive right to broadcast. The Secretary of Commerce had the right, and it was probably his imperative duty, to grant licenses to other operators in the same class, with the right to operate at the same time. The then commissioner recognized the impracticability of his attempting to occupy the whole field and consume all of the time, and, in the interest of clarity and effective service, willingly subjected his station to such regulations by the federal government as would protect his communications as well as those of plaintiff. This was a condition precedent to uninterrupted use, and the arrangement must be considered a restriction of license, and one to which the state, through its then commissioner, voluntarily yielded.

The defendant, who is the present commissioner, is impatient of such restriction and resists it. Clearly he has no right to do this, as he is not only bound by the terms of the license granted by the Secretary of Commerce, but he is in like manner bound by the arrangement of his predecessor with plaintiff as to the schedule of hours. His predecessor not only accepted the restriction as to hours, but agreed with plaintiff that such restriction would be observed. The present marketing commissioner, the defendant here, now declines to observe the agreement with plaintiff, based upon the restrictions of the license.

Upon the pleadings and the evidence, plaintiff is entitled to the relief sought. A decree will therefore be entered in accordance with the prayer of plaintiff's petition.